# In the District Court of the United States
# For the District of South Carolina

BEAUFORT DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JAN 19 A 0 48

Joseph David Murray, #269067,  )
                            Petitioner,  )
vs.  )
Colie L. Rushton, Warden;  )
Donald J. Zelenka; and  )
Henry McMaster, Attorney  )
General for South Carolina,  )
                           Respondents.  )

Civil Action No. 9:05-2614-DCN-GCK

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

The Petitioner, Joseph David Murray ("Petitioner" or "Murray"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., United States Magistrate Judges are authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II.  *PRO SE* PETITION



Murray presently is incarcerated in the McCormick Correctional Institution ("MCI") of the South Carolina Department of Corrections ("SCDC"). Murray filed this Petition for a writ of *habeas corpus* (the "Petition") on September 8, 2005 against Colie L. Rushton, Warden, Donald J. Zelenka, and Henry McMaster, the Attorney General of the State of South Carolina.[1] [1-1]. Murray is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v.

---

[1] Murray has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of September 8, 2005. See this court's Order [3-1] filed on September 19, 2005 at p. 1, n.1.

Rowe, 449 U.S. 5, 9 (1980) (*per curiam*); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214, codified at 28 U.S.C. § 2254. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).



### III.  PROCEDURAL HISTORY IN STATE COURT

#### A. Proceedings in the Court of General Sessions

During the September 1999 term of the Court of General Sessions for Greenville County, the grand jury returned an indictment against Petitioner for the crime of armed robbery (99-GS-23-5856). Petitioner was represented in this matter by Clay G. Allen, Esquire. On May 23,

2000, the State moved to seek life with parole sentencing for the Petitioner pursuant to S.C. Code Ann. § 17-25-45(a). On September 5, 2000, Petitioner appeared before the Honorable John W. Kittredge, Presiding Judge, and a jury, for trial. Mr. Allen represented Petitioner, and the case was prosecuted by Thomas Creech, Jr. and Thomas J. Quinn of the Thirteenth Judicial Circuit Solicitor's Office. Prior to proceeding to trial, the Petitioner proffered a plea to attempted armed robbery with the life without parole sentence being withdrawn, and a request for the full sentence. (App. 61) The court rejected the entry of a guilty plea. (App. 72-73) The Petitioner then proceeded to a trial by jury, and on September 6, 2000, the Petitioner was found guilty of the crime of armed robbery. That same day, Judge Kittredge sentenced Petitioner to a term of life imprisonment without parole.

Petitioner timely appealed to the Supreme Court of South Carolina, and an appeal was perfected on his behalf by Wanda H. Haile, Esquire, Senior Assistant Appellate Defender with the South Carolina Office of Appellate Defense. On November 27, 2001, Ms. Haile submitted a Final Anders Brief of Appellant[2] to the South Carolina Court of Appeals in which the following issue was presented for review:

> The lower court erred in allowing the state to exercise a peremptory challenge in a discriminatory manner.

Petitioner argued in his brief that the solicitor's request that venire person Sandra L. Guerrero (# 79) be excused from the jury created a Batson situation because Ms. Guerrero was of Hispanic origin.[3] Apparently, Guerrero had been excused by the solicitor during the first jury



---

[2] See Anders v. California, 387 U.S. 738 (1967). The Petitioner's Anders Brief and counsel's Petition to be Relieved as Counsel are attached as a separate set of documents [6-2] at pages 1-9. These pleadings are part of the unbound Appendix but are not Bates-numbered.

[3] Petitioner argued in his brief that "[A]ny juror, regardless of race or gender, may raise a claim of race/gender based discrimination inasmuch as jurors have a right under the equal protection clause to participate in jury service." See Petitioner's Anders Brief at p. 6, attached as p. 9 of [6-2].

selection.[4] The defense objected to Guerrero's excusal on Batson grounds,[5] and the first jury panel was eliminated on other grounds. Guerrero again was excused by the solicitor during the second jury selection process,[6] but, as Petitioner conceded, his defense counsel failed to make a contemporaneous objection to the Solicitor's request to excuse Guerrero before the jury was sworn.[7] Petitioner also alleged that the lower court erred in failing to hold a hearing after the jury was selected in order to determine whether the state's reason for exercising the peremptory challenge in question against Ms. Guererro was discriminatory in nature.

On June 18, 2002, the Court of Appeals issued an opinion dismissing Petitioner's appeal and granting counsel's petition to be relieved. The Court of Appeals noted that Petitioner did not file a *pro se* response. See State v. Murray, Unpublished Op. No. 558 (S.C. Ct. App. June 18, 2002). (App. 1-2) The Remittitur was entered on July 30, 2002.

### B. Murray's Application for Post-Conviction Relief

The Petitioner timely filed an application for post-conviction relief ("PCR") in Spartanburg County on July 22, 2002 (2002-CP-23-5058) (App. 222-226), in which he alleged the following grounds for relief:

9(a). Ineffective Assistance of Counsel.

> Counsel failed to object to trial judge comments on facts of case. During the trial the prosecution proved intent as a fact of the case. The trial judge told the jury on Tr. p. 195 if the defendant committed an act in furtherance of that intent he could be found guilty.



Patrick Mangrum of the Greenville County Bar was appointed to represent Petitioner; the Respondents filed a Return on June 5, 2003. (App. 227-231) An evidentiary hearing was held on July 31, 2003 before the Honorable John C. Few. (App. 232-270) The Petitioner was present

---

[4]  See App. 31, lines 14-17.

[5]  See App. 38, lines 2-11.

[6]  See Anders Brief at p. 6, n.1, attached as 6-2 to Respondents' Return and Memorandum in Support of Motion for Summary Judgment ("Respondents' Return"). [6-1]

[7]  See Id.

at the hearing and was represented by Mr. Mangrum. The State was represented by Assistant Attorney General Christopher Newton. At the beginning of the PCR hearing, the Petitioner alleged that his claims involved ineffective assistance of counsel and that Petitioner should have been evaluated prior to trial and therefore was unable to adequately present his case. Petitioner testified that he was taking medication at the time of the trial and there were portions of the proceedings that Petitioner did not understand. The Petitioner's trial attorney, Clay Allen, also testified that he was aware that Petitioner was on medication because he had been hit on the head with a 2x4. (App. 256) However, Mr. Allen also testified that even though Petitioner was not as intelligent as other clients, and he had to explain things to Petitioner in great detail, he nonetheless believed Petitioner was competent to stand trial (App. 253-255) and he did not ask that Petitioner undergo a mental evaluation. (App. 254) Mr. Allen also told the PCR court that he wanted Petitioner to testify, but Petitioner ultimately decided not to do so. (App. 254-255)

At the conclusion of the hearing, Judge Few orally denied relief. (App. 264-269) On August 22, 2003, Judge Few entered a written order which denied and dismissed the PCR Application. (App. 271-271)

### C. Petitioner's Appeal to South Carolina Supreme Court



Petitioner appealed to the South Carolina Supreme Court and was represented by Aileen P. Clare, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On March 8, 2004, Ms. Clare filed a <u>Johnson</u> Petition for a Writ of Certiorari and a Petition to be relied as counsel, alleging as follows before the Supreme Court:

Was trial counsel effective for failing to request a competency evaluation for Petitioner?

The Petitioner then filed a *pro se* response styled as a <u>Johnson</u> Petition for Writ of Certiorari Pro Se in which the Petitioner presented the following issues:

- A. Did trial counsel provide constitutionally acceptable "Effective Assistance of Counsel", in totality of circumstances for his client the Petitioner?

- B. Did the lower court err in it's [sic] Findings of Fact and Conclusions of Law and thus in failing to grant the Petitioner post-conviction relief?

    C.    Was the Petitioner deprived of a "Full and Fair Hearing" at post-conviction relief whereas Petitioner's appointed counsel failed to amend, supplement his initial Application or derive substantial evidence to prove his allegations?

    D.    Is South Carolina Code Ann. § 17-25-45(A) unconstitutional?

On January 6, 2005, the South Carolina Supreme Court issued an Order denying the petition for certiorari and granting counsel's petition to withdraw pursuant to <u>Johnson v. State</u>. The Remittitur was issued to the circuit court on January 24, 2005.

## IV. FEDERAL COURT HISTORY

### A. Murray's Petition for a Writ of Habeas Corpus

On September 8, 2005, Murray filed his Petition for a writ of habeas corpus. [1-1] The Petition set forth four (4) grounds for relief:

1. The lower court erred in allowing the state to exercise a peremptory challenge in a discriminatory manner.

   a. During the first jury selection, the solicitor excused venireperson Sandra L. Guerrero (#79) from sitting on the jury. Although the defense objected to the excusal under Batson, the next time Guerrero was excused at the second jury selection no objection was entered. Inasmuch as Guerrero is Hispanic origin, the Court's neglect in this regard violated the Equal Protection Clause.

2. Ineffective assistance of counsel.

   a. A competency evaluation should have been given to Petitioner. Trial counsel failing.

3. Did the lower court err in its findings of fact and conclusions of law [in] failing to grant the Petitioner PCR relief.

   a. The lower court should have granted post-conviction relief to Petitioner. The Court finds that Petitioner has failed to show any factors that would have necessitated a mental evaluation that would have put the Petitioner's competency in doubt.

4. Was Petition[er] deprived of a full and fair hearing at post-conviction relief.

   a. Petitioner's appointed counsel failed to amend, supplement his initial application or derive substantial evidence to prove his allegations. This neglect is why ground I was not heard at the PCR hearing and among others.



On September 19, 2005, the undersigned issued an Order which authorized service on Colie L. Rushton, Warden, Donald J. Zelenka, and Henry McMaster, the Attorney General of the

State of South Carolina (collectively, the "Respondents"), and notified Petitioner of the change of address rule. [3-1] The Respondents were served with the Petition [4-1; 5-1], and on November 8, 2005, the Respondents filed a Motion for Summary Judgment and a Return and Memorandum of Law in Support of Motion for Summary Judgment (collectively, the "Respondents' Motion for Summary Judgment"). [7-1; 6-1]

The undersigned issued an Order on November 9, 2005, under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Petitioner of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondents' Motion for Summary Judgment.[8] [10-1] On December 19, 2005, Petitioner filed his Response. [12-1]

### B. The Standard for Determining a Motion for Summary Judgment

Summary judgment will be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979). If the moving party carries its burden of showing that there is an absence of evidence to support a claim, then the non-moving party must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file that there is a genuine issue of material fact for trial. Celotex Corp., 477 U.S. at 324-25. An issue of fact is "genuine" when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under the governing substantive law. Id. When determining whether there is an issue for trial, the court must view the inferences to be drawn from the underlying facts in the



---

[8]    The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

Page 7 of 19

light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Moore v. Winebrenner, 927 F.2d 1312, 1313 (4th Cir. 1991). With this standard in mind, the court will turn to an analysis of the Respondents' Motion for summary Judgment.

### C. Habeas Corpus Review

#### 1. Application of the Antiterrorism and Effective Death Penalty Act

The delivery date of the Petition is September 8, 2005. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 521 U.S. 320 (1997).

#### 2. Scope of Review

This Court's review of collateral attacks on state criminal convictions is governed by the parameters set forth in the AEDPA, which amended Section 2254. Under the AEDPA, a federal court may only grant habeas corpus relief under Section 2254(d) with respect to a claim adjudicated on its merits in a state court proceeding if that state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2003), *quoting* 28 U.S.C. § 2254(d) *and citing* Williams v. Taylor, 529 U.S. 362, 402-413 (2000) (discussing 2254(d)).

With respect to the first prong of the analysis, the United States Supreme Court has explained that a state court adjudication is "contrary to" clearly established Federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). An "unreasonable application" of Federal law will be found "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 412-413. An "unreasonable application" likewise will be found if the state court "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled. <u>Ramdass v. Angelone</u>, 530 U.S. 156, 166 (2000) (opinion of Kennedy, J.). Yet as <u>Williams</u> teaches, a state court's "unreasonable application" of the law informs the federal court to the extent that the latter "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Bates v. Lee</u>, 308 F.3d 411, 417 (4th Cir. 2002), *cert. denied*, 538 U.S. 1061 (2003), *quoting* <u>Williams</u>, 529 U.S. at 411. The Fourth Circuit has held that this application of federal law must be "objectively unreasonable." <u>Oken v. Corcoran</u>, 220 F.3d 259, 264 (4th Cir. 2000) (noting that the Supreme Court in <u>Williams</u> "adopted" the holding in <u>Green v. French</u>, 143 F.3d 865, 870 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999) that the "unreasonable application" inquiry is an objective inquiry.).

Turning to Section 2254(d)(2), the proper analysis for establishing whether there exists an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" is framed by Section 2254(e)(1), which provides that the findings of fact by a state court are entitled to a "presumption of correctness" and the petitioner must bear the burden of rebutting that presumption by "clear and convincing evidence." <u>See</u> 28 U.S.C. § 2254(e)(1).

### 3. Exhaustion of State Court Remedies



Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." <u>Breard v. Green</u>, 523 U.S. 371, 375 (1998), *citing* <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); *see also* 28 U.S.C. § 2254(b). This Court's exhaustion requirements under Section 2254 are fully set forth in <u>Matthews v. Evatt</u>, 105 F.3d 907 (4th Cir.), *cert. denied*, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts[.]
>
> To satisfy the exhaustion requirement, a habeas petition must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.] [9]

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160 (the "Act"). The applicant may allege constitutional violations in a PCR proceeding, but only if the issue could not have been raised by direct appeal. Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998), citing S.C. Code Ann. §§ 17-27-20(a)(1), (b). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, 329 S.C. at 42, 495 S.E.2d at 428. As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies. In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).



Just as the exhaustion doctrine requires that a claim be fairly presented to all appropriate state courts before it is raised in a Section 2254 petition, if a claim has not been presented but no state remedy remains available, the claim will be considered procedurally defaulted. Teague v. Lane, 489 U.S. 288 (1989). A claim that has been procedurally defaulted in state court usually will not be reviewed in a Section 2254 petition. A federal court will hear a procedurally defaulted claim only if the petitioner "'can demonstrate cause for the default and actual prejudice

---

[9] Matthews v. Evatt, 105 F.3d at 910-11 (citations omitted).

as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice.'" Matthews v. Evatt, 105 F.3d at 916, *quoting* Coleman v. Thompson, 501 U.S. at 750 (emphasis supplied by the undersigned). Unless a petitioner can demonstrate both "cause" and "prejudice", this Court will be procedurally barred from considering those claims that are procedurally defaulted. Daniels v. Lee, 316 F.3d 477, 486 (4th Cir. 2003).

## V. REVIEW OF MURRAY'S HABEAS ALLEGATIONS ON THE MERITS

### A. Ground One

1. The lower court erred in allowing the state to exercise a peremptory challenge in a discriminatory manner.

    a. During the first jury selection, the solicitor excused venire person Sandra L. Guerrero (#79) from sitting on the jury. Although the defense objected to the excusal under Batson, the next time Guerrero was excused at the second jury selection no objection was entered. Inasmuch as Guerrero is Hispanic origin, the Court's neglect in this regard violated the Equal Protection Clause.

Petitioner first asserts that the lower court erred in allowing the state to exercise its peremptory challenge in a discriminatory manner with respect to the challenge to Ms. Sandra L. Guerrero (#79). The Petitioner argues that because Ms. Guerrero was Hispanic, the prosecution's challenge was a violation of equal protection. As revealed in the record below, no objection was raised to either to the striking of juror Guerrero or to the particular juror who was qualified to hear the Petitioner's case. (App. 48-57) Although Petitioner raised this issue in the Anders brief before the South Carolina Court of Appeals, he conceded that no objection had been timely raised to the issue. This issue has been fully exhausted as a matter of state law and there are no additional state remedies available with respect to this issue. However, Petitioner is procedurally barred from raising this issue in this habeas corpus petition because he failed to preserve this issue for consideration by the South Carolina Court of Appeals because he failed to make a timely challenge to the striking of Ms. Guerrero at the time the jury was seated. A Batson challenge must be made before a jury is sworn. As a matter of state law, a trial judge is not



required to hold a Batson hearing absent a request from one of the parties. State v. Chapman, 317 S.C. 302, 454 S.E.2d 317 (1995). In State v. Gill, 327 S.C. 253. 489 S.E.2d 478 (1997), the Court held that the Batson issue must have been raised to and ruled upon by the trial judge in order to preserve the matter for review. *See also* State v. Williams, 321 S.C. 455, 469 S.E.2d 49 (1996) (failure to object to the dismissal of juror in violation of Batson and Georgia v. McCollum constitutes waiver of those issues on appeal).

Thus, Petitioner's first ground for relief is procedurally barred from consideration for federal habeas corpus relief. *See* Green v. French, 143 F.3d 865 (4th Cir. 1998). In Green, the Fourth Circuit held that a habeas petitioner's claim of racial discrimination against potential jurors in violation of Batson was procedurally barred because the claim had not been timely raised on direct review and petitioner had failed to demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the default.

In the present case, just as in Green, Petitioner has failed to prove in state court that counsel was ineffective in any manner by failing to make the objection. Thus, Petitioner's first ground for habeas relief should be denied because it is procedurally defaulted due to a lack of contemporaneous objection.

### B. Ground Two

2.  Ineffective assistance of counsel.

    a.  A competency evaluation should have been given to Petitioner. Trial counsel failing.



Second, the Petitioner contends he received ineffective assistance of counsel because counsel failed to request an evaluation of Petitioner's mental competency at the time of trial. This issue was raised for the first time during the state PCR hearing before Judge Few. (App. 235-36) During the PCR hearing, Petitioner claimed that he was unable to testify at trial because he was taking pain pills and medication for his head seizures. (App. 242-243). He asserted that he has been on medication ever since he had had head surgery in 1995. (App. 244) However, he

Page 12 of 19

asserted that on the day of the state post-conviction relief hearing he had not taken his pills on that day. (App. 247) During the hearing he asserted that he had never been evaluated and did not recall any one asking to have a mental evaluation done at that particular time and that his lawyer never objected and claimed that he should be mentally evaluated. (App. 246)

As discussed above, during the PCR hearing, Petitioner's trial counsel, Mr. Allen, testified that he did not have concerns that Murray was not competent to appear but acknowledged that he had to explain things to him in much more detail. (App. 253-54) He asserted that he was never concerned about his competency but did find that he was not as intelligent as some of his clients. (App. 255) Counsel stated that he was aware that he was on medication and was aware that he previously had been struck on his head with a 2x4 board. (App. 256)

The U.S. Supreme Court has set forth a two-part test to determine whether a convicted defendant is entitled to relief based upon ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must first show that counsel's performance fell below an objective standard of reasonableness. Id. In making this determination:

> . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound strategy.' . . . There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. Id. at 689.



Thus, the reviewing court must be deferential to counsel and not second-guess counsel's acts or omissions after an adverse result, which may easily lend itself to a finding that counsel's assistance was unreasonable based upon the fact of the adverse result. Id.

Even if a defendant can show deficient performance by his trial attorney, he must also prove that he was prejudiced by counsel's performance. To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability

is probability sufficient to undermine confidence in the outcome." Id. It is insufficient to show only that the errors had some conceivable effect on the outcome of the proceeding, because virtually every act or omission of counsel would meet that test. Id. at 693. The defendant bears a "'highly demanding' and 'heavy burden' in establishing actual prejudice." Williams v. Taylor, 529 U.S. 362, 394 (2000).

In the present case, after reviewing the entire record, Judge Few concluded in fact that the Petitioner had failed entirely in his burden of proof in showing counsel was ineffective in failing to seek a competency evaluation. Judge Few held:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (1985):
>
> At the hearing, the Applicant testified that he had met eight or nine times with trial counsel about the case. He stated that he and his trial counsel had discussed the various aspects of the case. He claimed that the whole incident was a joke, and that the State's witnesses lied about the situation. The Applicant further testified that he did not understand his trial counsel's or the trial court's questions and explanations about his rights to testify. He stated that he was on medication for several different reasons, including pain, asthma, and seizures, resulting from a head injury. The Applicant believed his medications caused him to make bad decisions, and thought his trial counsel should have gotten him evaluated for competency.
>
> Trial counsel testified that he never had any concerns about the Applicant's competency. He stated that he did have to take extra time to explain things to the Applicant more thoroughly than normally. Trial counsel recommended that the Applicant testify, but he chose not to do so.
>
> In a post-conviction relief action, the Applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler, Id.
>
> The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, Id. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).



> Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625, citing Strickland. Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625.
>
> This Court does not find the Applicant's testimony credible. Trial counsel's testimony is found credible. This Court finds that the Applicant has failed to show any factors that would have necessitated a mental evaluation or would have put the Applicant's competence in doubt. The trial court conversed with the Applicant during its colloquy regarding the Applicant's right to testify and found the Applicant had freely and voluntarily elected not to testify. Trans. pp. 165-166. This Court finds no reason to doubt the trial court's or trial counsel's conclusions regarding the Applicant's understanding or competence.
>
> Given the above findings, the Applicant has failed to show that his trial counsel's performance fell below reasonable professional standards. Further, the Applicant has failed to show prejudice arising out of any alleged errors. There is no reasonable probability that the result would have been different but for trial counsel's alleged errors. The Applicant has failed to carry his burden. Therefore, this application must be denied and dismissed.[10]

Under the AEDPA, if a state court has adjudicated a claim against a defendant, a federal court may grant habeas relief only if the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts. In the present case, the state court reasonably applied the mandates of the United States Supreme Court in Strickland v. Washington in determining that Petitioner had, in fact, received effective assistance of counsel. Thus, Petitioner's second ground for relief is without merit.

## C. Ground Three

3. Did the lower court err in its findings of fact and conclusions of law [in] failing to grant the Petitioner PCR relief.

   a. The lower court should have granted post-conviction relief to Petitioner. The Court finds that Petitioner has failed to show any factors that would have necessitated a mental evaluation that would have put the Petitioner's competency in doubt.

---

[10] App. 272-274.

Page 15 of 19

Petitioner's third ground for relief is based upon his contention that the state court erred in not granting Petitioner's PCR application with respect to the claim set forth in Ground 2. As discussed in detail with respect to Ground 2, this challenge to the state PCR process does not provide an independent basis for federal habeas corpus relief. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings arc not cognizable on federal habeas review); *see also* Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998). Thus, Petitioner's third ground for relief should be denied for failing to set forth a cognizable claim in habeas corpus review.

### D. Ground Four

4. Was Petition[er] deprived of a full and fair hearing at post-conviction relief.

   a. Petitioner's appointed counsel failed to amend, supplement his initial application or derive substantial evidence to prove his allegations. This neglect is why ground 1 was not heard at the PCR hearing and among others.

Petitioner's final argument focuses on his claim that he was deprived of a full and fair hearing during post-conviction relief as a result of his attorney's alleged failure to amend or supplement his PCR application. Petitioner's claim is barred by Section 2254(i) of the AEDPA, which specifically states: "The ineffectiveness or incompetence of counsel during Federal or State Collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." See 28 U.S.C. § 2254(i). Accordingly, Petitioner's claim that his PCR counsel was somehow ineffective is not cognizable under Section 2254, and therefore his final ground for habeas corpus relief should be denied.



## RECOMMENDATION

For the foregoing reasons, it is recommended that the Respondents' Motion for Summary Judgment [7-1] **should be granted**.

_____
George C. Kosko
United States Magistrate Judge

January 18, 2006

Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the

district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**

**United States District Court**

**Post Office Box 835**

**Charleston, South Carolina 29402**
